IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASQUALE NIGRO,

        Petitioner,                          No. CIV S-05-0712 GEB CHS P

    vs.

M. EVANS,

        Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

I.    INTRODUCTION

        Petitioner Pasquale Nigro is a state prisoner, proceeding with counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner attacks his May 30, 2001 plea of no contest in Solano County Superior Court, Case No. VC27822, to 21 counts of various sex offenses resulting in a sentence of 96-years in prison.

II.    ISSUES

        Petitioner raises the following claims:

        A. Violation of due process by imposing a sentence beyond the statutory minimum;

        B. Violation of due process and right to a jury trial for refusal to allow withdrawal of guilty plea;

        C. Violation of ex post facto;

1

D. Violation of due process by sentencing petitioner to a term beyond the maximum allowed by law in 1986;

E. Violation of due process and right to speedy trial by delaying arrest;

F. Denial of right to speedy trial and due process by failing to arrest petitioner prior to September 1999;

G. Ineffective assistance of counsel for failing to inform petitioner of his trial date; and

H. Violation of ex post facto clause because the applicable statutes of limitations expired.

/////

Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's petition for habeas corpus relief be denied.

### III.   FACTUAL AND PROCEDURAL BACKGROUND

> The information contained 21 counts of sexual offenses. Counts 1-18 alleged offenses committed between January 1, 1985, and June 23, 1986, against M1 and M2. Counts 19-21 alleged offenses committed between June 20, 1986, and June 21, 1986. M1 was the victim of the first two counts, lewd act upon a child under 14 years. (Pen.Code, § 288, subd. (a)). She was 13 years old when the crimes were reported in June 1986. M2 was the victim of the remaining counts and was 17 years old when the crimes were reported.
>
> Appellant entered a plea of nolo contendere to all 21 counts. The factual basis of his plea was his stipulation to each count. His plea acknowledged that he understood that the maximum punishment that could be imposed based on his plea was 101 years.
>
> Appellant was sentenced to a total determinate term of 96 years. Fully consecutive sentences were imposed on 12 counts, pursuant to section 667.6, subdivision (d):
>
> Counts 3, 6, 9, 12, 15, 19 (rape; § 261, subd. (a)(2)).
>
> Counts 4, 7, 10 (forcible genital penetration by a foreign object; § 289, subd. (a)).
>
> Counts 16, 17, 18 (forcible oral copulation; § 288a, subd. (c)).
>
> Pursuant to section 654, the court stayed imposition of sentence on counts 1 and 2 (lewd act upon a child), counts 5, 8, 11, 14, and 21 (sexual battery, § 243.4), and counts 13 and 20 (genital penetration).

Answer, Ex. F. at 1-2. On February 19, 2002, the trial court sentenced petitioner to 96 years in

2

prison. Clerk's Transcripts ("CT") at 486-87, 495.

On January 20, 2003 the California Court of Appeal affirmed the judgment. Answer, Ex. F. Petitioner filed a petition for review in the California Supreme Court on March 3, 2003. Answer, Ex. G. The California Supreme Court denied that petition on April 9, 2003. Ex. H. Petitioner and Respondent agree that:

> On or about February 10, 2003 petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, First Appellate District. Petitioner raised the following grounds:
>
>   A.  The trial court denied him due process resulting in an unlawful plea and 96 year sentence.
>
>   B.  Trial counsel rendered ineffective assistance resulting in an unlawful plea agreement and a 96-year sentence.
>
> On February 11, 2003, the Court of Appeals denied [petitioner's] petition. (Case No. FCR206454.)
>
> On or about March 5, 2003, [petitioner] filed a petition for writ of habeas corpus in the Solano Superior court raising the following issue: On December 24, 2001, petitioner timely filed a Notice of Appeal and requested a Certificate of Probable Cause to challenge the validity of the plea.
>
> On April 22, 2003, the trial court denied [petitioner'] petition. (Case No. FCR206454.)
>
> On or about July 2, 2003, [petitioner] filed a petition for writ of habeas corpus with the Court of Appeals raising the following issue: Petitioner was denied the opportunity to appeal his case through no fault of his own. Petitioner asked the court to deem timely, the December 24, 2001, Notice of Appeal and request for a Certificate of Probable Cause to challenge the validity of the plea.
>
> On July 8, 2003, the California Court of Appeals denied [petitioner's] petition. (Case No. A103108.)
>
> On or about July 22, 2003 [petitioner] filed a petition for Review with the California State Supreme Court. [Answer, Ex. I.] That petition for review raised the following issues:
>
>   A.  The trial court erred by refusing to deem his Certificate of Probable Case Timely filed.
>
>   B.  Ineffective Assistance of Trial Counsel.

3

On August 27, 2003, the California Supreme Court denied [petitioner's] petition. (Case No. S17729.) [Answer, Ex. J.]

On or about August 17, 2003, petitioner filed a petition for writ of habeas corpus with the Solano County Superior Court. [Petitioner] raised the issue that his conviction and sentence violated ex post facto laws.

On September 26, 2003, the Superior Court denied [petitioner's] petition. (Case No. FCR2101.)

On or about October 20, 2003, petitioner filed a petition for writ of habeas corpus with the Solano County Superior Court raised (sic) the grounds that the trial court denied him his right to a speedy trial and his conviction and sentence violated the ex post facto laws.

On January 14, 200[4], the Superior Court denied [petitioner's] petition. (Case No. FCR204270.)

On or about December 8, 2003, [petitioner] filed a petition for writ of habeas corpus in the California Court of Appeals, First Appellate District. In his petition, [petitioner] raised the following grounds:

    A.    The trial court denied him his right to a right to Speedy Trial/Due Process.

    B.    The trial court violated petitioner's right to due process by failing to dismiss the charges in violation of the ex post facto prohibitions.

    C.    Trial counsel rendered constitutionally deficient performance by failing to advise him of his trial date.

    D.    Petitioner's conviction and sentence violated ex post fact laws.

On December 18, 2003 . . . the Court of Appeal denied his petition. (Case No. A104791.)

On January 20, 2004, [petitioner] resubmitted a petition for writ of habeas corpus in the California Court of Appeals, First Appellate District raising the following issues:

    A.    The trial court denied his right to a right of Speedy Trial/Due Process.

    B.    The trial court violated petitioner's right to due process by failing to dismiss the charges in

4

|   |   |   |
|---|---|---|
|   |   | violation of the ex post facto prohibitions. |
|   | C. | Trial counsel rendered constitutionally deficient performance by failing to advise him of his trial date. |
|   | D. | Petitioner's conviction and sentence violated ex post facto laws. |

On January 29, 2004, the California Court of Appeals, First Appellate District, denied [petitioner's] petition. (Case No. A105224.)

On March 8, 2004, [petitioner] filed a petition for writ of habeas corpus in the California Supreme Court. [Answer, Ex. K.] In his petition [petitioner] raised the following grounds:

|   |   |   |
|---|---|---|
|   | A. | The trial court violated petitioner's due process right by not dismissing the charges in violation of ex post facto prohibitions. |
|   | B. | Trial counsel rendered constitutionally deficient performance by failing to advise [petitioner] of his trial date. |

On January 12, 2005, the California Supreme Court denied [petitioner's] petition. (Case No. S123104.) [Answer, Ex. L).

/////

Answer at 3-5, quoting Petition at 5-10.

Petitioner filed this federal habeas corpus petition on August 12, 2005.

IV. **APPLICABLE LAW OF FEDERAL HABEAS CORPUS**

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of

5

1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

V.   ANALYSIS

    A.   Violation of Due Process by Imposition of Sentence Beyond Statutory Minimum

Petitioner claims that the trial court violated petitioner's due process rights by sentencing him to a term beyond the statutory minimum.  Specifically, petitioner claims that "[t]he trial court violated due process by imposing fully consecutive sentences without proof beyond a reasonable doubt that the offenses occurred on separate occasions."  Petition at 12.

The California Court of Appeal rejected this argument reasoning that:

> [petitioner] contends the court lacked any factual basis for imposing a full consecutive eight-year terms on three sets of counts-counts 6 and 9 (rape), counts 7 and 10 (genital penetration), and counts 16, 17, and 18 (oral copulation)-because there is no evidence the offenses charged in each count within a set were committed on separate occasions.
>
> Section 667.6, subdivision (d), provides that a full, separate, and consecutive term shall be served for each violation of, inter alia, forcible rape, forcible oral copulation, and forcible sexual penetration.  To determine whether, as here, crimes against a single victim were committed on separate occasions for purposes of this

6

statute, the court "shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his ... actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his ... opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (§ 667.6, subd. (d).)

Counts 6 and 9 charged in identical language that "on and between January 1, 1985 and June 15, 1986, ... the crime of FORCIBLE RAPE, in violation of PENAL CODE SECTION 261 [subdivision (2) ], a FELONY, was committed by [appellant]" against M2 in her bedroom. Appellant argues there is insufficient language in these two counts, as pled, to indicate the offenses occurred on separate occasions. He makes the same argument as to counts 7 and 10, which, in identical language, charged appellant with commission of genital penetration by a foreign object, specifically, a finger, on and between January 1, 1985 and June 15, 1986, and as to counts 16, 17, and 18, which, in identical language, charged him with forcible oral copulation on and between January 1, 1985, and June 15, 1986.

[Petitioner's] argument overlooks the effect of his nolo contendere plea to all counts of the information. An information must contain a statement of the offense or offenses charged therein. (§ 950, subd .(2).) "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." (§ 952.) Words used in an information are construed in their usually accepted meaning in common language, except those words that are defined by law, which are construed according to their legal meaning. (§ 957.)

By charging appellant with more than one count of an identically described offense within an 18-month period, the information implicitly charged him with committing the same offense on separate occasions. The information, of course, derived from the facts developed at the preliminary hearing. (§ 866, subd. (b).) Had it appeared at the preliminary hearing that appellant committed the same offense on only one occasion, additional counts alleging the identical criminal sexual act would presumably have been superfluous.

If a defendant believes the information, on its face, does not substantially conform to the provisions of sections 950 and 952, he may demur to it. (§ 1004.) A demurrer appropriately challenges an information that does not give adequate notice of the offenses charged, as required by sections 950 and 952. (People v. Hathaway (1972) 27 Cal.App.3d 586, 594.) A count that exactly duplicates another count could subject the information to a demurrer because it does not provide the accused adequate notice of what discrete offenses are charged against him. (Cf. People v.

7

> Cole (1952) 113 Cal.App.2d 253, 255: where two identical offenses charged in one accusatory pleading are alleged to have been committed at the same time, the better practice is to include sufficient facts to differentiate the separate offenses.)
>
> Here, [petitioner] did not demur to the information but pled nolo contendere to all counts, the legal effect of which is the same as a guilty plea.  (§ 1016, subd. (3).)  A guilty plea waives any defects in the information that could have been set up by demurrer. (4 Witkin & Epstein, Cal.Criminal Law (3d ed. 2000) Pretrial Proceedings, § 259, p. 467.)  It also concedes that the People possess legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt, thus obviating their need to produce any evidence, and waives any right to raise questions on appeal regarding the evidence. (People v. Martin (1973) 9 Cal.3d 687, 694; People v. Turner (1985) 171 Cal.App.3d 116, 125; People v. Hughes (1980) 112 Cal.App.3d 452, 460-461.)  Whether the identically described offenses in the different counts were committed during the same or on separate occasions is a factual question (see In re Rodney (1999) 73 Cal.App.4th 36, 41), which appellant must be deemed to have waived by his plea of nolo contendere, particularly because his plea acknowledged that it potentially subjected him to a 101-year sentence, a calculation possible only by imposition of full, separate consecutive terms for each forcible sexual offense charged.  (See Hughes, supra, 112 Cal.App.3d at p. 461.

Answer, Ex. F. at 2-3.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury, applicable to state criminal proceedings through the Fourteenth Amendment.  Duncan v. Louisiana, 391 U.S. 145, 149-150 (1968).  In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court clarified a defendant's rights under the Sixth Amendment by extending the right to trial by jury to any fact finding used to make enhanced sentencing determinations above the statutory maximum for an offense.  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 488-90.  Subsequently, the court held in Blakely v. Washington that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  Blakely, 542 U.S. at 303 (2005).

8

While it is true that under <u>Apprendi</u> petitioner had the right to submit any fact that would increase his penalty beyond the statutory maximum to a jury for proof beyond a reasonable doubt, that right is not at issue here. Petitioner did not face a jury, but instead pled guilty to each of the 21 counts alleged. During the change of plea hearing, the trial judge read the counts individually to petitioner, along with the corresponding factual allegation, one at a time. At the end of each count and allegation, the trial judge asked petitioner for his plea. To each of these 21 counts petitioner pled no contest. <u>See</u> Answer, Ex. B., May 30, 2001 Hearing at 5-9.

Petitioner's crimes fell under a provision of California Law, Penal Code § 667.6(d), which grants a trial judge discretion to impose full, separate and consecutive terms. The facts that resulted in petitioner's prisoner term were proven beyond a reasonable doubt by petitioner's own admissions, and did not result in a penalty beyond the allowed statutory maximum.[1]

The state appellate court did not unreasonably apply clearly established federal law or unreasonably determine facts when reaching its conclusion. Accordingly, petitioner is not entitled to relief on this claim.

B.     <u>Refusal to Allow Withdrawal of Guilty Plea</u>

Petitioner claims that the trial court denied his right to due process and his right to a jury trial by denying his motion to withdraw his guilty plea. Specifically, petitioner claims that denying the motion to withdraw was improper because: 1) when petitioner pled guilty the trial court failed to inquire as to whether petitioner understood his rights; 2) petitioner was not mentally competent to enter a guilty plea; and 3) because the trial court did not inquire as to the

---

[1] Petitioner acknowledged in his petition that he faced a maximum sentence of up to 101-years in prison. Petition at 13.

9

factual basis.[2] Petition at 13-15.

### 1) Whether Petitioner Understood His Rights

A guilty plea must be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).[3] "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749. In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Supreme Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Id. at 74. See also Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (plea presumed valid in habeas proceeding when pleading defendant was represented by counsel); Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006);

---

[2] In addition to disputing its validity, respondent alleges that petitioner has failed to exhaust this claim, as well as several others. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). It appears petitioner raised these claims in his March 8, 2004 petition to the California Supreme Court. Answer, Ex. K. at 2-6. Even if they are unexhausted, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). A federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Notwithstanding petitioner's alleged failure to fully exhaust these claims, this report will recommend that habeas relief be denied on the merits of these claims because petitioner's claims are not "colorable" and he is not entitled to habeas relief.

[3] Petitioner pled "no contest" or "nolo contendere" to the charges against him. Under California law, a plea of nolo contendere has the same effect as a plea of guilty in the context of the criminal proceedings. See, e.g., People v. West, 3 Cal. 3d 595 (1970). Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims. Miller v. McCarthy, 607 F.2d 854, 856 (9th Cir. 1979).

Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986).  The record must affirmatively show that a criminal defendant's guilty plea is intelligent and voluntary.  Boykin, 395 U.S. at 242-43.

Under Boykin, the record must reflect that a criminal defendant pleading guilty understands, and is voluntarily waiving, his rights to the privilege against compulsory self-incrimination, to trial by jury and to confront one's accusers.  395 U.S. at 243.  However, specific articulation of the Boykin rights "is not the sine qua non of a valid guilty plea."  Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir. 1974).  Rather, if the record demonstrates that a guilty plea is knowing and voluntary, "no particular ritual or showing on the record is required."  United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir. 1984).

Here the record shows that prior to entering his plea, petitioner completed a form entitled "Waiver of Constitutional Rights And Declaration in Support of Defendant's Motion to Change Plea."  CT 397-99.  That form explicitly set out petitioner's right to the privilege against compulsory self-incrimination, to trial by jury and to confront his accusers.  Id.  At the end of that form is a declaration, bearing petitioner's initials, stating that his attorney read and explained the form to him and acknowledging that he freely and voluntarily relinquished his rights.  Id. at 399.  Below this declaration is petitioner's signature.  Id.  Further, upon accepting petitioner's plea, the trial judge confirmed that petitioner had read each item contained in that form, that his attorney helped him understand that form, and that he understood his rights and wished to give them up.  Id. at 402.

There is no evidence that petitioner did not enter his plea knowingly, intelligently and voluntarily.  Petitioner therefore is not entitled to relief on this claim.

2) Petitioner Was Not Mentally Competent

The conviction of a legally incompetent defendant violates the Due Process Clause of the Fourteenth Amendment.  Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994).  The test for competency is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable

11

degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). See also Miles v. Stainer, 108 F.3d 1109, 1112 (9th 1997) ("When analyzing competence to plead guilty, we look to whether a defendant has the ability to make a reasoned choice among the alternatives presented to him.") (internal quotes omitted); Douglas v. Woodford, 316 F.3d 1079, 1094 (9th Cir. 2003). "In a habeas proceeding, a petitioner is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." Deere v. Woodford, 339 F.3d 1084, 1086 (9th Cir. 2003) (quoting Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985). See also Douglas, 316 F.3d at 1094. A "good faith" or "substantial doubt" exists in this regard "when there is substantial evidence of incompetence." Deere, 339 F.3d at 1086 (quoting Cuffle v. Goldsmith, 906 F.2d 385, 392 (9th Cir. 1990)). The burden of establishing mental incompetence rests with the petitioner. Boag, 769 F.2d at 1343; McKinney v. United States, 487 F.2d 948, 949 (9th Cir. 1973) ("[W]hen the issue of the defendant's competency to stand trial is raised in a § 2255 motion, the burden is upon the defendant to prove that he was not mentally competent to stand trial."); see also Cacoperdo, 37 F.3d at 510 (habeas petitioner bears burden of showing due process violation).

Whether a defendant is capable of understanding the proceedings and assisting counsel depends on "evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on competence to stand trial." Drope v. Missouri, 420 U.S. 162, 180 (1975). None of these factors is determinative, but any one of them may be sufficient to raise a reasonable doubt regarding competence. Id. Finally, the Due Process Clause requires a state trial court to inquire into a defendant's competency sua sponte if a reasonable judge would be expected to have a bona fide doubt as to the defendant's competence. Pate v. Robinson, 383 U.S. 375, 385 (1966); Blazak v. Ricketts, 1 F.3d 891, 893 & n.1 (9th Cir. 1993); Chavez v.

12

1  United States, 656 F.2d 512, 515-17 (9th Cir. 1981).

2  Petitioner asserts that the death of his girlfriend rendered petitioner so distraught
3  that he was mentally incompetent to enter his plea. Petition at 14. Additionally, there is a
4  declaration from an attorney that in his opinion, petitioner was "so distraught over the news of
5  his girlfriend's death that he did not fully understand the consequences of his no contest plea."[4]
6  CR at 389.

7  There is no evidence that petitioner was acting irrationally, under the care of a
8  mental health professional, or under the influence of medication at the time of his plea. There is
9  no evidence that either petitioner's trial counsel or the trial judge were concerned about his
10 competence prior to his guilty plea. Finally, there is no evidence that petitioner raised any
11 concern about his competence prior to his guilty plea.

12 The appears no "substantial evidence of incompetence" demonstrating that
13 petitioner was mentally incompetent at the time of his plea, and he is therefore not entitled to
14 relief on this claim.

15                3)      Factual Basis

16 Petitioner claims that California Penal Code § 1192.5 requires a trial judge to
17 gather information pertaining to the factual basis. Petition at 14. Petitioner argues that the trial
18 judge "simply asked trial counsel if he stipulated to a factual basis." Id. at 15.

19 There is no due process requirement that a trial court establish a factual basis for a
20 guilty plea absent special circumstance. Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.
21 1985). Petitioner has not alleged the existence of any special circumstances. This claim is
22 therefore not a cognizable federal habeas corpus claim.

23       C.      Violation of Ex Post Facto

24 Petitioner claims that his sentence violated the prohibition against ex facto laws.

25

26       [4] This attorney was not petitioner's trial counsel.

13

Specifically, petitioner argues that under the 1986 verison of California Penal Code § 1170.1, his sentence was limited to 24 years. Petition at 17. Petitioner argues that he was unlawfully sentenced under the 1993 amended version of §1170 in violation of the prohibition against ex post facto laws. Id.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. See also Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003). A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. See Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes, 336 F.3d at 854 (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)). See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854. Not every law that disadvantages a defendant is a prohibited ex post facto law. In order to violate the clause, the law must essentially alter "the definition of criminal conduct" or increase the "punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441-42 (1997).

Petitioner was sentenced pursuant to California Penal Code § 667.6, and not § 1170.1. Answer, Ex. B., February 19, 2002 Hearing at 13. The version of § 667.6 operative at the time of petitioner's commission offense allowed for a sentence of full, separate, and consecutive terms for each violation of specified sexual offenses. CAL. PENAL CODE § 667.6 (1987). Conversely, § 1170.1 provided a formula for calculating the "principal term" when a person is convicted of multiple felonies, but did not limit a sentence imposed pursuant to § 667.6. See CAL. PENAL CODE § 1170.1 (1986) ("the aggregate term of imprisonment for all

14

these convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1.").

Petitioner has not been subjected to the retroactive application of law or suffered a retroactive increase in the punishment attached to his crime. He is not entitled to relief on this claim.

### D.   Violation of Due Process

Petitioner claims that the trial court violated his right to due process. Petition at 18. Specifically, petitioner claims the trial court unlawfully sentenced him pursuant to the 1993 version of California Penal Code §1170.1, resulting in a sentence beyond the maximum allowed under California law at the time of the commission offense. Id. at 19.

The record reveals that petitioner was sentenced pursuant to California Penal Code § 667.6. Answer, Ex. B, February 19, 2002 Hearing at 13. The version of § 667.6 operative at the time of petitioner's commission offense allowed for a sentence of full, separate, and consecutive term for each violation of specified sexual offenses. CAL. PENAL CODE § 667.6 (1987). Under the operative version of § 667.6 petitioner faced a possible sentence of up to 101-years in prison. Answer, Ex. B, May 30, 2001 Hearing at 4.

There is no evidence that petitioner's sentence violated his right to due process and he is not entitled to relief on this claim.

### E.   Speedy Trial

Petitioner argues that the prosecution delayed arresting petitioner for over three years violating his right to a speedy trial. Petition at 21. Petitioner claims this delay inhibited his ability to recall details, cross-examine witnesses, and to produce exculpatory evidence. Id.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const., Amend. VI. In assessing a speedy trial claim, the court must weigh four factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that

15

delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). See also McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003); United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir. 1986). No one of these four factors alone is either a necessary or sufficient to support a finding that there has been a deprivation of the constitutional right to a speedy trial. McNeely, 336 F.3d at 826. Rather, the various factors are related and must be considered together. Barker, 407 U.S. at 533. However, "no showing of prejudice is required when the delay is great and attributable to the government." United States v. Shell, 974 F.2d 1035, 1036 (9th Cir. 1992). See also Doggett, 505 U.S. at 651 (eight and one-half year delay between indictment and trial, six of which were attributable to the government's negligence, violated a defendant's constitutional right to a speedy trial even though he could not demonstrate the delay impaired his ability to mount a successful defense).

The Supreme Court has observed that:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

Barker, 407 U.S. at 530. In this regard, depending on the nature of the charges, courts have generally found post-accusation delay "presumptively prejudicial" when it begins to approach one year. Doggett, 505 U.S. at 652, n.1; see also McNeely, 336 F.3d at 826 (three-year delay was presumptively prejudicial); United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003) (22-month delay between first superseding indictment and trial date was presumptively prejudicial but did not weigh heavily in defendant's favor because it was not excessively long); United States v. Aguirre, 994 F.2d 1454, 1457 (1993) (finding that "a five year delay is long enough to trigger a further look," but concluding that even the five-year delay in that case did not deprive the defendant of his constitutional right to a speedy trial when all the Barker v. Wingo

1  factors were balanced).

2  He asserts that the prosecution waited over three years between filing a complaint
3  and arresting him. Petition at 21. Petitioner claims that his address was known to the mother of
4  the two victims and that this delay prevented him from producing exculpatory evidence and
5  witnesses. Id. Even if these claims were true, petitioner waived his right to assert a violation of
6  speedy trial by pleading guilty.

7  "When a criminal defendant has solemnly admitted in open court that he is in fact
8  guilty of the offense with which he is charged, he may not thereafter raise independent claims
9  relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty
10 plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also McMann v. Richardson, 397
11 U.S. 759, 770-71 (1970); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general
12 rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal
13 habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds in
14 Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir.
15 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional
16 violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d 1027, 1029-
17 30 (9th Cir. 1985) (voluntary and intelligent guilty plea precludes federal habeas relief based
18 upon "independent claims" of pre-plea constitutional violations). But cf. Creech v. Arave, 947
19 F.2d 873, 876-79 (9th Cir. 1991) (habeas appeal addressed petitioner's argument that counsel
20 failed to provide certain information prior to the entry of his plea), rev'd on other grounds, 507
21 U.S. 463 (1993).

22 Petitioner's speedy trial claim is an independent claim relating to the deprivation
23 of a constitutional right that occurred prior to the entry of his guilty plea and therefore has been
24 waived. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992). Accordingly petitioner is
25 not entitled to relief on this claim.

26 /////

F.  Violation of Speedy Trial And Due Process

Petitioner asserts that the State's failure to contact him between his failure to appear on January 22, 1991 and his arrest in 1999 violated his right to a speedy trial. Petition at 24.

As with the above claim of a violation of petitioner's right to a speedy trial, petitioner waived this right as a result of his guilty plea. See Bohn, 956 F.2d at 209. He is therefore not entitled to relief on this claim.

G.  Ineffective Assistance of Counsel

Petitioner claims he was denied the effective assistance of counsel. Specifically, petitioner claims that his trial counsel was ineffective for failing to advise petitioner of his trial date. Petition at 28. As a result petitioner "was not brought to face the charges for over nine years since his initial arrest."

Petitioner's ineffective assistance of counsel claim is an independent claim relating to the deprivation of a constitutional right based on events occurring prior to his guilty plea. He has therefore waived this claim. See Bohn, 956 F.2d at 209.

H.  Violation of Ex Post Facto

Petitioner claims that the prosecution failed to take any action on his case until September 29, 1999, by which time the statute of limitations "had already expired." Petition at 29-30.

On June 23, 1986 petitioner left his residence. CT at 38. On June 24, 1986 the prosecution filed a 21 count criminal complaint against petitioner and had a warrant issued for his arrest. CT at 2-6. The 21 counts found in that complaint had either a three-year or a six-year statute of limitations. See CAL. PENAL CODE §§ 434.4, 261(a)(2), 288(a)(1), 288a, 289, 800 and 801. The complaint alleged the crimes occurred between September 1985 and May 1986, well

within even the three-year statute of limitations.[5] CT at 2. A police office informed petitioner of these charges that same day. CT at 38.

Shortly thereafter petitioner contacted Carol Nigro, the victims mother, and informed her that he had fled to Mexico. Id. Petitioner also contacted Ms. Nigro's sister and informed her that he had fled to Mexico. Id. Petitioner was apprehended in 1990 and a preliminary hearing was held on February 2, 1990. CT at 37. On January 23, 1991 petitioner again fled prosecution. CT at 82. Petitioner was finally apprehended and brought back before the court on September 14, 1999. CT at 83.

The issuance of a complaint and an arrest warrant within the applicable statute of limitations satisfied California's statute of limitations. See CAL. PENAL CODE § 804. The prosecution complied with the applicable statute of limitations. The delay in resolving this matter was not the prosecution's failure to take action, but instead the result of petitioner's repeated flight from prosecution. There has been no violation of any statute of limitations and petitioner is therefore not entitled to relief on this claim.

VI.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

---

[5] At a later date, the prosecution filed an amended information alleging that the criminal conduct occurred between March ,1 1985 and June 23, 1986. CT at 246-53.

19

1  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2  DATED: December 18, 2008

   *[signature: Charlene H. Sorrentino]*
3  CHARLENE H. SORRENTINO
   UNITED STATES MAGISTRATE JUDGE